# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDRICK DAVIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00243-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF No. 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.   Background**

Plaintiff Donald Tremayne Britton ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 11, 2018, the Court issued a screening order finding that Plaintiff had stated a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Marquez and Torrez in their individual capacities, but failed to state any other claims against any other defendants. (ECF No. 13.) The Court ordered Plaintiff to file, within thirty days, a first amended complaint or to notify the Court of his willingness to proceed only on the cognizable claims against Defendants Marquez and Torrez. (Id. at 7.) The deadline for Plaintiff's first

1

amended complaint or notice has expired, and Plaintiff has failed to comply with the Court's order or otherwise communicate with the Court regarding this action.

## II. Failure to Prosecute and Failure to Obey a Court Order

### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Discussion

Here, Plaintiff's first amended complaint or notice of his willingness to proceed on the claims found cognizable is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against

dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's June 11, 2018 screening order expressly warned Plaintiff that his failure to comply with the Court's order would result in a recommendation of dismissal of this action, without prejudice, for failure to obey a court order and failure to prosecute. (ECF No. 13, p. 7.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### III. Conclusion and Recommendation

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a court order and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 7, 2018**              /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE